IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Executive Affiliates, Inc., an Illinois Corporation, Executive Hotel Management, Inc., a Missouri corporation, and Capital Fitness, Inc., an Illinois corporation, | ) ) ) ) ) |
| Plaintiffs, | ) Case No. _____ ) |
| v. | ) ) JURY TRIAL |
| Insurance Office of America, Inc., a Florida corporation, and Mark A. Manfre, an individual, | ) DEMANDED ) ) |
| Defendants. | ) |

## COMPLAINT

NOW COME Plaintiffs Executive Affiliates, Inc., an Illinois corporation, Executive Hotel Management, Inc., a Missouri corporation, and Capital Fitness, Inc., an Illinois corporation (hereinafter collectively "Plaintiffs"), by and through their attorneys, Tetzlaff Law Offices, LLC, for their Complaint against Defendants Insurance Office of America, Inc. (hereinafter "IOA"), a Florida corporation, and Mark A. Manfre (hereinafter "Manfre"), an individual, allege and state as follows:

## SUMMARY OF ACTION

1.  Plaintiffs bring this action for a constructive trust, an equitable accounting and for recovery of monies and other relief for Defendants' breach of fiduciary duty, unjust enrichment, negligence, negligent supervision and fraud, all arising out of Defendant IOA's and Defendant Manfre's breach of their separate and joint duties to Plaintiffs to act fairly and reasonably in the

1

procurement of insurance on behalf of Plaintiffs.

## THE PARTIES

2. Plaintiff Executive Affiliates, Inc. is an Illinois corporation with its principle place of business in Big Rock, Illinois.

3. Plaintiff Executive Hotel Management, Inc. is a Missouri corporation that manages hotels in Louisiana, Tennessee, and Missouri, with its principle place of business in Big Rock, Illinois.

4. Plaintiff Capital Fitness is an Illinois corporation that owns and operates numerous health clubs in Illinois, New York, and Washington, D.C., with its principle place of business in Big Rock, Illinois.

5. Defendant IOA is a Florida corporation that operates as an insurance brokerage firm, with its principal place of business in Longwood, FL.

6. Defendant Manfre is an individual residing in Apopka, Florida, who at all times material was an Executive Vice President and agent for IOA doing business in Apopka, Florida and Longwood, Florida for Illinois corporations, including Plaintiffs.

## JURISDICTION AND VENUE

7. Diversity jurisdiction is proper under 28 U.S.C. §1332 as all Plaintiffs are citizens of different states than that of all Defendants, and the amount in controversy is substantially in excess of $75,000, in an amount to be proven at trial.

8. Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S. C. §1391 because both Defendants conducted business that gave rise to this action in the District, and the District is the place where Defendants performed at least a substantial part of the

events or omissions supporting Plaintiffs' claims.

## FACTS COMMON TO ALL COUNTS

9. Executive Affiliates is part of the Big Rock Group of Companies, which comprises various entities, including Executive Affiliates, Executive Capital Corporation, Executive Construction Services, Inc., Executive Hotel Management, Inc., and Capital Fitness, Inc.

10. At all times material to this Complaint, Executive Affiliates operated as the corporate entity that acquired insurance for Plaintiffs and all other entities affiliated with Plaintiffs (collectively the "Insured"). In that capacity, Executive Affiliates paid the Insureds' insurance premiums to IOA.

11. Defendant IOA is an independent insurance agency and registered insurance brokerage firm. From 1984 through the present, IOA has been continuously engaged in the business of procuring and providing insurance services for the public, nationally. During that time period, IOA has held itself out to the public, including Plaintiffs, as possessing the requisite skill, competence, and knowledge of insurance to perform properly the duties of an insurance broker.

12. As a founding partner of IOA, Defendant Manfre, from at least the calendar years 1984 through the present, has been continuously engaged in the business of procuring policies for his insured clients through Defendant IOA, and producing premium revenue for IOA as its Executive Vice President and agent. During this time, Manfre has continuously held himself out to the public and to his insured clients as Executive Vice President and agent for IOA, as possessing the requisite skill, competence and knowledge of insurance to perform properly the

duties of an Executive Vice President of a nationally-known insurance brokerage firm. As Executive Vice President, co-founder and agent, Manfre directs and controls the activities of IOA.

13. On information and belief, at all times material and in all matters relevant to this Complaint, Manfre worked in IOA's main office, 1855 West State Road 434, Longwood, FL 32750 to conduct IOA's business with Plaintiffs.

14. Beginning in or about the year 1997, and continuing through the present date, IOA procured various types of commercial insurance on behalf of Plaintiffs, including workers' compensation, employers' liability, flood policy, employment practices liability, excess and umbrella liability, products and operations liability, various excess policies and other risk insurance associated with commercial entities (collectively "Insurance"). IOA was denoted as the "Agent or Broker" on all of Plaintiffs' policies that Manfre produced for IOA. Plaintiffs relied on IOA's skill as an insurance brokerage firm to procure appropriate types and limits of insurance and placed their trust in IOA as a fiduciary for Plaintiffs.

15. The Insurance policies and the associated premium revenues were produced for IOA by Manfre as IOA's Executive Vice President, co-founder and agent. Plaintiffs relied on Manfre's skill as IOA's Executive Vice President and agent to procure appropriate types and limits of insurance and placed their trust in Manfre as a fiduciary for Plaintiffs.

16. Manfre, as IOA's Executive Vice President, co-founder and agent, instructed Plaintiffs to make out all checks for insurance premiums to IOA and to send the premium checks directly to IOA. Pursuant to industry practice, IOA was required and permitted to keep its commission from those premium payments, pay Manfre his commission from those premium

payments and send the remainder of the premium to the insurance provider. On information and belief, Manfre and IOA followed industry practice regarding the payment of commissions on the Insurance policies.

17. During Defendants' over 20-year relationship with Plaintiffs, Manfre as IOA's Executive Vice President, co-founder and agent billed Plaintiffs for double commissions in violation of Illinois state law.

18. Beginning in or about 1997 and continuing until approximately March 14, 2018, while serving as IOA's Executive Vice President and agent and while working in IOA's office and using IOA's facilities, Manfre sent invoices to Plaintiffs for "marketing expenses," that Manfre represented to Plaintiffs were connected to the policies of insurance procured for Plaintiffs by Manfre for IOA.

19. Manfre represented to Plaintiffs that he was due additional "marketing expenses" as "commissions" when, in fact, the premiums paid by Plaintiffs included all authorized broker commissions Manfre was entitled to receive for the business he produced from Plaintiffs, which were in fact paid to Manfre.

20. While acting as IOA's Executive Vice President, co-founder and agent and while using IOA's facilities, Manfre instructed Plaintiffs to send payments for these invoices to "Mark A. Manfre, 1166 Sweet Heather Lane, Apopka, FL 32712." Plaintiffs did, in fact, send these payments by check to that address, which, on information and belief, is Manfre's personal residence.

21. The sum of the charges for double commissions invoiced by Manfre and paid by Plaintiffs totals at least $2,801,294.53.

22. On or about April 17, 2018, Plaintiffs learned of the fraudulent actions of Manfre and IOA's breach of its duty of care to Plaintiffs regarding the management of Plaintiff's account.

## COUNT I

### Breach of Fiduciary Duty against IOA and Imposition of Constructive Trust

23. Plaintiffs hereby incorporate Paragraph Nos. 9 through 22 above as if fully set forth herein and further state and allege:

24. The Illinois Code of Civil Procedure, codified at 735 ILCS 5/2-2201 provides the following, in pertinent part:

> (a) An insurance producer, registered firm, and limited insurance representative shall exercise ordinary care and skill in renewing, procuring, binding, or placing the coverage requested by the insured or proposed insured.
>
> (b) No cause of action brought by any person or entity against any insurance producer, registered firm, or limited insurance representative concerning the sale, placement, procurement, renewal, binding, cancellation of, or failure to procure any policy of insurance shall subject the insurance producer, registered firm, or limited insurance representative to civil liability under standards governing the conduct of a fiduciary or a fiduciary relationship *except when the conduct upon which the cause of action is based involves the wrongful retention or misappropriation by the insurance producer, registered firm, or limited insurance representative of any money that was received as premiums, as a premium deposit, or as payment of a claim.*

(emphasis added).

25. The Illinois Administrative Code 50 Ill.Adm. § 3113 sets forth the fiduciary duties of insurance producers, limited insurance representatives and business entities in relation to the handling of premiums and requirements of Premium Fund Trust Accounts (PFTAs).

26. Defendant IOA breached its fiduciary duty owed to Plaintiffs under Illinois law by committing one or more of the following acts and/or omissions:

6

    a. Failing to detect and thereby allowing Manfre to collect unauthorized commissions relating to the policies; and

    b. Otherwise breaching its fiduciary duties owed to Plaintiffs in the handling of Plaintiffs' monies.

27. As a direct and proximate result of one or more of the foregoing wrongful acts or omissions of IOA, Plaintiffs have suffered losses in excess of $2,801,294.53 plus expenses, costs and damages, and Plaintiffs continue to suffer the aforementioned monetary losses, expenses, costs, and damages.

28. Wherefore, Plaintiffs pray for the following relief against Defendant IOA:

    a. For the imposition of a constructive trust on all monies in IOA's possession or control traceable to monies held in trust by Manfre or IOA;

    b. For recovery as damages for all amounts paid for unauthorized and unearned commissions;

    c. For prejudgment interest;

    d. For the costs of this action; and

    e. For such other and further relief as this Court deems appropriate in the circumstances.

## COUNT II

### Equitable Accounting against IOA

29. Plaintiffs hereby incorporate by reference Paragraph Nos. 9 through 28 above as if fully set forth herein and further state:

30. In order to ensure a proper recovery of sums legitimately owed, Plaintiffs seek an

accounting to determine: (a) the amount of commissions Plaintiffs wrongly paid to Manfre from on or around the year 1997 through the present date; (b) all amounts paid to Manfre and/or IOA for Plaintiffs' accounts for premiums and other fees; (c) an accounting of actual economic damages; and (d) other specific relief required to determine and remedy damages realized as a result of IOA's breach of statutory fiduciary duty, breach of common law duties and fraud.

31. Plaintiffs do not have an adequate remedy of law with regard to their interest in a full and complete accounting as to the disposition of commissions and fees paid, and refunds due to Plaintiffs.

32. As a matter of equity, it is proper for this Court to grant such provisional relief.

33. Plaintiffs are therefore entitled to an accounting as a matter of law and the Court should therefore require such an accounting, allowing Plaintiffs to amend their complaint to include any additional claims or causes of action as the accounting may disclose are supported by the same.

34. Wherefore, Plaintiffs pray for the following relief against Defendant IOA:

    a. For an equitable accounting of all amounts paid to Manfre and/or IOA for Plaintiffs' accounts for premiums and other fees;

    b. For an equitable accounting of the amount of commissions Plaintiffs wrongly paid to Manfre from on or around the year 1997 through the present date;

    c. For an equitable accounting of actual economic damages; and

    d. For such other and further relief as this Court deems appropriate in the circumstances.

## COUNT III

### Negligence against IOA

35. Plaintiffs hereby incorporate by reference Paragraph Nos. 9 through 34 above as if fully set forth herein and further state:

36. Illinois Code of Civil Procedure Section 735 ILCS 5/2-2201(a) provides that "An insurance producer, registered firm, and limited insurance representative shall exercise ordinary care and skill in renewing, procuring, binding, or placing the coverage requested by the insured or proposed insured."

37. At all times relevant to this Complaint, IOA, by and through its agents, servants, and/or employees, was under a duty to exercise ordinary care and skill in renewing, procuring, binding, or placing requested insurance coverages for the benefit of Plaintiffs.

38. IOA breached its duties owed to Plaintiffs by failing to monitor or cease unauthorized commissions billed to Plaintiffs by IOA's Executive Vice President, co-founder and agent, Manfre.

39. IOA also breached its duty by failing to review properly Plaintiffs' accounts throughout their over 20-year relationship by failing to detect significant and ongoing abnormal activity on Plaintiffs' accounts with IOA.

40. As a direct and proximate result of the foregoing wrongful acts and/or omissions of IOA, Plaintiffs suffered losses in excess of $2,801,294.53.

41. Wherefore, Plaintiffs pray for the following relief against IOA:

    a. For recovery of unauthorized and unearned commissions paid to Manfre in an amount of at least $2,801,294.53;

    b. For prejudgment interest;

    c. For the costs of this action; and

    d. For such other and further relief as this Court deems appropriate in the circumstances.

## COUNT IV

### Negligent Supervision against IOA

42. Plaintiffs hereby incorporate by reference Paragraph Nos. 9 through 41 above as if fully set forth herein and further state:

43. Manfre is IOA's Executive Vice President, co-founder and agent, and IOA, as Broker, has a duty to supervise Manfre. That duty to supervise extends to Manfre's handling of all matters relating to Plaintiff's insurance, including receipt of commissions by Manfre.

44. IOA failed in its duty to supervise Manfre. Because IOA did not properly supervise Manfre, IOA failed to monitor or cease unauthorized commissions billed to Plaintiffs by Manfre.

45. As a direct and proximate result of the foregoing wrongful acts and/or omissions of IOA, Plaintiffs suffered losses in excess of $2,801,294.53.

46. Wherefore, Plaintiffs pray for the following relief against IOA:

    a. For recovery of unauthorized and unearned commissions paid to Manfre in an amount of at least $2,801,294.53;

    b. For prejudgment interest;

    c. For the costs of this action; and

    d. For such other and further relief as this Court deems appropriate in the

circumstances.

## COUNT V

### Common Law Fraud against IOA

47. Plaintiffs hereby incorporate by reference Paragraph Nos. 9-46 above as if fully set forth herein and further state:

48. Beginning in or about the year 1997 and continuing until approximately March 14, 2018, IOA's Executive Vice President, co-founder and agent falsely represented to Plaintiffs that he was entitled to and due separate commissions for procuring insurance in addition to the premium payments Defendant IOA received from Plaintiffs.

49. As IOA's Executive Vice President, co-founder and agent, Manfre controlled and directed the actions of IOA, and Manfre's representation that he was due the commissions was as if IOA itself represented that it was due the commissions.

50. As IOA's Executive Vice President, co-founder and agent, Manfre's representation that he was due the commissions was material to Plaintiffs' decision to pay the commissions.

51. IOA knew that Manfre was not due commissions directly from Plaintiffs in addition to the premiums Plaintiffs paid to IOA.

52. By sending invoices as IOA's Executive Vice President, co-founder and agent to Plaintiffs for commissions, Manfre intended to induce Plaintiffs to pay him these commissions, and he intended that Plaintiffs would rely on the invoices to pay these fees.

53. Because IOA was Plaintiffs' fiduciary, Plaintiffs relied on the invoices sent to Plaintiffs by Manfre, IOA's Executive Vice President, co-founder and agent.

54. By relying on the invoices that falsely stated that Manfre was due commissions in addition to the premiums Plaintiffs had already paid to IOA, Plaintiffs were damaged in the amount at least that of $2,801,294.53, the full amount to be proven at trial.

55. Wherefore, Plaintiffs pray for the following relief against Defendant IOA:

    a. For recovery of unauthorized and unearned commissions paid to Manfre in an amount of at least $2,801,294.53;

    b. For prejudgment interest;

    c. For the costs of this action; and

    d. For such other and further relief as this Court deems appropriate in the circumstances.

## COUNT VI

**Breach Of Fiduciary Duty against Manfre and Imposition of Constructive Trust**

56. Plaintiffs hereby incorporate by reference Paragraph Nos. 9-55 above as if fully set forth herein and further state:

57. The Illinois Code of Civil Procedure, codified at 735 ILCS 5/2-2201 provides the following, in pertinent part:

> (a) An insurance producer, registered firm, and limited insurance representative shall exercise ordinary care and skill in renewing, procuring, binding, or placing the coverage requested by the insured or proposed insured.
>
> (b) No cause of action brought by any person or entity against any insurance producer, registered firm, or limited insurance representative concerning the sale, placement, procurement, renewal, binding, cancellation of, or failure to procure any policy of insurance shall subject the insurance producer, registered firm, or limited insurance representative to civil liability under standards governing the conduct of a fiduciary or a fiduciary relationship *except when the conduct upon which the cause of action is based involves the wrongful retention or misappropriation by the insurance producer, registered firm, or limited insurance representative of any money that was received as*

*premiums, as a premium deposit, or as payment of a claim.*

(emphasis added).

58. The Illinois Administrative Code 50 Ill.Adm. § 3113 sets forth the fiduciary duties of insurance producers, limited insurance representatives and business entities in relation to the handling of premiums and requirements of Premium Fund Trust Accounts (PFTAs).

59. Defendant Manfre breached his fiduciary duty owed to Plaintiffs under Illinois law by committing one or more of the following acts and/or omissions:

   a. Collecting unauthorized commissions relating to the policies; and

   b. Otherwise breaching his fiduciary duties owed to Plaintiffs in the handling of Plaintiffs' monies.

60. As a direct and proximate result of one or more of the foregoing wrongful acts or omissions of Manfre, Plaintiffs have suffered losses in excess of $2,801,294.53.

61. Wherefore, Plaintiffs pray for the following relief against Defendant Manfre:

   a. For the imposition of a constructive trust on all monies in Manfre's possession or control traceable to monies held in trust by Manfre or IOA;

   b. For recovery as damages for all amounts paid for unauthorized and unearned commissions;

   c. For prejudgment interest;

   d. For the costs of this action; and

   e. For such other and further relief as this Court deems appropriate in the circumstances.

## COUNT VII:

### Equitable Accounting against Manfre

62. Plaintiffs hereby incorporate by reference Paragraph Nos. 9-61 above as if fully set forth herein and further state:

63. In order to ensure a proper recovery of sums legitimately owed, Plaintiffs seek an accounting to determine: (a) the amount of commissions Plaintiffs wrongly paid to Manfre from on or around the year 1997 through the present date; (b) all amounts paid to Manfre and/or IOA for Plaintiffs' accounts for premiums and other fees; (c) an accounting of actual economic damages; and (d) other specific relief required to determine and remedy damages realized as a result of Manfre's breach of statutory fiduciary duty, breach of common law duties and fraud.

64. Plaintiffs do not have an adequate remedy of law with regard to their interest in a full and complete accounting as to the disposition of commissions and fees paid by them, and refunds due to them.

65. As a matter of equity, it is proper for this Court to grant such provisional relief.

66. Plaintiffs are therefore entitled to an accounting as a matter of law and the Court should therefore require such an accounting, allowing Plaintiffs to amend their complaint to include any additional claims or causes of action as the accounting may disclose are supported by the same.

67. Wherefore, Plaintiffs pray for the following relief against Defendant Manfre:

   a. For an equitable accounting of all amounts paid to Manfre and/or IOA for Plaintiffs' accounts for premiums and other fees;

   b. For an equitable accounting of the amount of commissions Plaintiffs wrongly

        paid to Manfre from on or around the year 1997 through the present date;

    c. For an equitable accounting of actual economic damages; and

    d. For such other and further relief as this Court deems appropriate in the circumstances.

## COUNT VIII:

### Unjust Enrichment against Manfre

68. Plaintiffs hereby incorporate by reference Paragraph Nos. 9-67 above as if fully set forth herein and further state:

69. Manfre acted without authorization and exercised wrongful assumption of control, dominion, and/or ownership over Plaintiffs' personal property when Manfre received fraudulent and unauthorized commissions from Plaintiffs.

70. Plaintiffs had an absolute and unconditional right to immediate possession of the commissions Manfre was not authorized to receive.

71. Manfre received and retained unauthorized commissions from Plaintiffs.

72. Manfre's retention of unearned commissions violates the fundamental principles of justice, equity and good conscience by perpetuating fraud and conspiracy to defraud.

73. Wherefore, Plaintiffs pray for the following relief against Defendant Manfre:

    a. For recovery of unauthorized and unearned commissions in an amount of at least $2,801,294.53;

    b. For prejudgment interest;

    c. For the costs of this action; and

    d. For such other and further relief as this Court deems appropriate in the

circumstances.

## COUNT IX:

### Common Law Fraud against Manfre

74. Plaintiffs hereby incorporate by reference Paragraph Nos. 9-73 above as if fully set forth herein and further state:

75. Beginning in or about the year 1997 and continuing until approximately March 14, 2018, Manfre falsely misrepresented to Plaintiffs that he was entitled to and due separate commissions for procuring insurance in addition to the premium payments Defendants received from Plaintiffs.

76. Manfre's representation as IOA's Executive Vice President, co-founder and agent that he was due the commissions was material to Plaintiffs' decision to pay the commissions.

77. Manfre knew that he was not due commissions directly from Plaintiffs in addition to the premiums Plaintiffs paid to IOA.

78. By sending invoices to Plaintiffs for commissions, Manfre intended to induce Plaintiffs to pay him these commissions, and he intended that Plaintiffs would rely on the invoices to pay these fees.

79. Because Manfre was Plaintiffs' fiduciary and IOA's Executive Vice President, co-founder and agent, Plaintiffs relied on the invoices sent to Plaintiffs by Manfre.

80. By relying on the invoices that falsely stated that Manfre was due commissions in addition to the premiums Plaintiffs had already paid to IOA, Plaintiffs were damaged in the amount at least that of $2,801,294.53, the full amount to be proven at trial.

81. Wherefore, Plaintiffs pray for the following relief against Defendant Manfre:

      a. For recovery of unauthorized and unearned commissions paid to Manfre in an amount of at least $2,801,294.53;

      b. For prejudgment interest;

      c. For the costs of this action; and

      d. For such other and further relief as this Court deems appropriate in the circumstances.

82. Plaintiff demands a jury trial on all issues of fact.

Dated: June 22, 2018

                                    Respectfully Submitted,

                                    **EXECUTIVE AFFILIATES, INC.,**
                                    **EXECUTIVE HOTEL MANAGEMENT,**
                                    **INC., and CAPITAL FITNESS, INC.**

                                      By:    /s/ Theodore R. Tetzlaff
                                                One of their Attorneys

Theodore R. Tetzlaff
James D. Benak
Tetzlaff Law Offices, LLC
227 W. Monroe St., Suite 3650
Chicago, IL 60606
(312) 574-1000 (T)
(312) 574-1001 (F)
info@tetzlafflegal.com
ttetzlaff@tetzlafflegal.com
jbenak@tetzlafflegal.com